IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:04CR3081 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRIAN PARKER, | ) | |
| | ) | |
| Defendant. | ) | |

Having heard the arguments of the parties at a conference in chambers, I now resolve the pending motions in limine. My rulings are set forth briefly below.

Statements by Parker (and the Trooper's "red flag" statements made in response) uttered at the scene and prior to Parker's arrest for this charge, regarding his prior arrests are admissible as (1) false exculpatory statements and (2) res gestae. A long line of cases holds that false exculpatory statements are properly admissible as substantive evidence tending to show guilt. E.g., Rizzo v. United States, 304 F.2d 810, 830 (8th Cir. 1962), cert. denied, 371 U.S. 890 (1962). Moreover, and independent of the "false exculpatory statement" doctrine, as the Eighth Circuit Court of Appeals has explained, "Under the theory of res gestae, evidence of [a] prior crim[e] can be admitted when the prior crime is 'so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s]; or explains the circumstances thereof; or tends logically to prove any element of the crime[s] charged.'" United States v. Riebold, 135 F.3d 1226, 1229 (8th Cir.) (en banc) (quoting United States v. Forcelle, 86 F.3d 838, 841 (8th Cir.1996)), cert. denied, 524 U.S. 944 (1998). The government may prove that these statements are false by extrinsic evidence. The defendant's motion in limine is denied to this extent. However, the government shall not adduce any evidence regarding the *nature* of the defendant's prior crimes or arrests.

If requested, the court will give a limiting instruction that the defendant's prior arrest record may not be used as evidence of bad character. That is, the jury will be instructed, if requested, that evidence which may show a person's character may not be used to prove that he acted in accordance with that character.

Evidence of the defendant's refusal to consent to the search may not be presented because it is irrelevant and too prejudicial and the defendant's motion in limine is granted to this extent.

Evidence of the defendant's post-arrest silence may not be presented because it is irrelevant and is protected under <u>Miranda</u> and the defendant's motion in limine is granted to this extent.

Evidence showing the defendant in handcuffs may not be presented because it is irrelevant and too prejudicial and the defendant's motion in limine is granted to this extent.

If the government presents evidence of Parker's statements prior to the arrest, the defendant may present evidence of what others said as well (including Anderson) prior to any arrest in order to provide a complete context. Evidence of statements Anderson made following the arrest are admissible under Rule 804(b)(3) as statements against interest. Defense counsel has solemnly represented to the court that he has been informed by Anderson's attorney that Anderson would invoke the Fifth Amendment if subpoenaed to testify in this matter.

Accordingly

IT IS ORDERED that:

1. Defendant's motion in limine (filings 98) is granted in part and denied in part as provided above.

2. Plaintiff's motion in limine (filing 104) is denied.

October 24, 2005.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge